**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:23-CR-00034-JDK** |
| | § | |
| **v.** | § | |
| | § | |
| **STACY RAY ROBINSON JR.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On November 6, 2026, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Stacy Ray Robinson Jr. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, considering Defendant's total offense level of 15 and his criminal history category of III, was 24 to 30 months. On March 27, 2024, U.S. District Judge Jeremy D. Kernodle sentenced Defendant to 30 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, not possessing or consuming alcoholic beverages, participation in a program of testing and treatment for substance abuse, and acquiring a high school equivalency certificate. On November 20, 2025, Defendant completed his period of imprisonment and began serving his supervision term.

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance.

In allegation 1 of its petition, the government alleges that Defendant violated the above condition of supervised release by testing positive for marijuana on April 29, 2026, May 14, 2026, June 10, 2026, June 22, 2026, July 20, 2026, August 6, 2026, and August 14, 2026.

If the Court finds by preponderance of the evidence that Defendant violated the condition of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon finding a Grade C violation, the Court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7C1.5. The statutorily authorized maximum imprisonment term is 2 years. 18 U.S.C. § 3583(e)(3).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition of supervision referenced in allegation 1 of the government's petition. In exchange, the government recommended to the Court a sentence of 8 months, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Stacy Ray Robinson Jr.'s plea of true be accepted and that he be sentenced to 8 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at the Federal Correctional Institution in Pollock, Louisiana. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of November, 2026.**



JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE